IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BEAU HAWKES,<br><br>             Plaintiff,<br><br>    vs.<br><br>GREGG K. KATAYAMA, et al.,<br><br>             Defendants. | Civil No. 25-00455 MWJS-WRP<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

On March 11, 2026, Plaintiff Beau Hawkes filed an Emergency Motion for Temporary Restraining Order (TRO).  The motion alleges that on March 10, 2026, a joint task force of law enforcement agencies, including the federal Drug Enforcement Administration (DEA), United States Department of Homeland Security (DHS), and Defendant Maui Police Department (MPD), raided Hawkes' residence and seized inventory connected with his "High Hawaii" business.

Hawkes asserts that the seized products are "hemp-derived THC products that are fully compliant with federal law."  Dkt. No. 21, at PageID.184.  And he claims that law enforcement had knowledge of this exculpatory information both before and after the search.  Although he acknowledges that the seizures were undertaken pursuant to a search warrant, he nonetheless alleges that "this operation was initiated by the MPD in

direct retaliation for his ongoing federal litigation," and that "[u]pon information and belief, the MPD intentionally disseminated misleading claims to the DEA, falsely characterizing Plaintiff's legal business as an 'illegal THC delivery business' to procure a search warrant under pretext." *Id.* at PageID.185.  He asks the court to provide the following relief:  "[(1)] Issue a Temporary Restraining Order and Preliminary Injunction enjoining Defendants, their agents and all persons acting in concert with them, from further warrantless searches, seizures, or harassment of Plaintiff and the High Hawaii brand; [(2)] order a Mandatory Injunction requiring the [MPD] to immediately coordinate with the DEA and Homeland Security for the return of all property seized on March 10, 2026; [and] [(3)] order Defendants to Issue a Letter of Correction to the DEA and all involved federal agencies, affirmatively stating that the seized products are federally compliant hemp under the 2018 Farm Bill and were accompanied by valid COAs at the time of seizure."  *Id.* at PageID.192.

      The motion for a TRO must be denied.  As alleged in the First Amended Complaint, Dkt. No. 16, this case involves the alleged wrongful arrest of Hawkes by MPD in September 2023.  It asserts four claims under 42 U.S.C. § 1983 for the alleged violations of Hawkes' constitutional rights arising out of that arrest, and one claim for the violation of Hawkes' "right to reputation."  Dkt. No. 16, at PageID.101-08.  The TRO motion, by contrast, is wholly unrelated to the claims in Hawkes' operative complaint.  Aside from Hawkes' assertion that the raid and seizures were done in "retaliation" for

his pursuit of the underlying lawsuit, none of the allegations in the TRO motion has any connection to the 2023 arrest or the legal claims in the complaint.

In order for a TRO to issue, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). That relationship "is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (cleaned up). But "absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Here, there is not a sufficient relationship between the conduct asserted in the underlying complaint and the injury claimed in Hawkes' TRO motion. The constitutional violations stemming from allegedly inadequate police investigation of a violent altercation and alleged robbery that occurred in 2023 have no apparent relationship to the seizure of Hawkes' property by federal law enforcement in 2026. The only possible connection is the allegedly retaliatory nature of the recent seizure, which is not enough to establish a nexus sufficient to sustain a TRO. *See id.* (adopting the rule of *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994), which denied a "motion for injunctive relief based on retaliation" on the basis that the allegations were "entirely different and separate from the underlying conduct challenged in the § 1983 action"). And the nature of the relief sought by the TRO—which would require MPD to refrain

3

from conducting future searches of Hawkes and High Hawaii and to take affirmative action in connection with MPD's law enforcement partners—is altogether different from the relief sought by the complaint.

Accordingly, because Hawkes' TRO motion does not contain a sufficient nexus to the underlying complaint, the Motion for a Temporary Restraining Order, Dkt. No. 21, is DENIED.  *See, e.g., Kulik v. United States*, Civ. No. 18-00306, 2018 WL 3764082, at *3-4 (D. Haw. Aug. 8, 2018); *King v. Jaurequi*, No. CV 18-9649, 2019 WL 6898958, at *2 (C.D. Cal. Aug. 15, 2019).

IT IS SO ORDERED.

DATED:  March 12, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00455 MWJS-WRP; *Beau Hawkes v. Gregg K. Katayama,* et al.; ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER